IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>XAVIER BECERRA, Secretary of U.S. Department of Health and Human Services; et al.,[1]<br><br>    Defendants-Appellants. | No. 20-15398 |
| COUNTY OF SANTA CLARA; et al.,<br><br>    Plaintiffs-Appellees,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; and XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services,<br><br>    Defendants-Appellants. | No. 20-15399 |

---

[1] Secretary Becerra has been automatically substituted for Acting Secretary Norris Cochran pursuant to Federal Rule of Appellate Procedure 43(c)(2).  Secretary Becerra is recused from this litigation.

STATE OF CALIFORNIA,

      Plaintiff-Appellee,

v.

XAVIER BECERRA, in his official capacity as
Secretary of the U.S Department of Health &
Human Services, and U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

      Defendants-Appellants.

No. 20-16045

STATE OF WASHINGTON,

      Plaintiff-Appellee,

v.

XAVIER BECERRA and U.S. DEPARTMENT
OF HEALTH AND HUMAN SERVICES,

      Defendants-Appellants.

No. 20-35044

## STATUS REPORT PURSUANT TO THE COURT'S ORDER OF JUNE 16, 2022

This case involves a challenge to a rule issued by the Department of Health and Human Services (HHS). Two district courts in this Circuit vacated the rule in its entirety, and the government appealed. As the government reported in its April 1, 2022, status report, HHS has now initiated a new rulemaking process. HHS remains in the process of finalizing a notice of proposed rulemaking in this case, and we have

been informed that the agency expects to publish a proposed rule in the next 90 days. Accordingly, the government respectfully requests that this case continue to be held in abeyance, with the parties to file motions to govern further proceedings at the end of six months, or 30 days after a final rule issues, whichever is sooner. Counsel for the plaintiffs has indicated that the plaintiffs do not oppose this request.

1. These consolidated appeals concern the validity of a final rule that HHS promulgated in 2019. The rule, entitled Protecting Statutory Conscience Rights in Health Care, 84 Fed. Reg. 23,170 (May 21, 2019), implicates various federal statutes that protect individuals and other entities with religious or moral objections to providing certain health-care-related services in connection with government-provided or government-funded health care programs. In these appeals, the federal government sought review of decisions in which two district courts—one in the Eastern District of Washington and one in the Northern District of California—vacated the rule.

2. After the consolidated appeals were fully briefed, the Court scheduled oral argument for February 8, 2021. The parties to the appeals subsequently filed a joint motion to remove the appeals from the oral argument calendar and place the appeals in abeyance, explaining that new leadership at HHS planned to reassess the issues that the cases present. The Court granted the parties' joint motion on January 29, 2021. The Court removed the cases from the February 8 argument calendar and directed the parties to "provide the Court within sixty days a status report as to whether the appeal

3

will continue to be prosecuted." The government subsequently filed periodic status reports, including most recently on April 1, 2022. In its April 1 status report, the government indicated that it had initiated a new rulemaking process and requested that the appeal be held in abeyance for six months, or 30 days after a final rule issues, whichever is sooner. This Court granted the motion and directed in its June 16, 2022, order that the parties provide another status report at the end of that period as to the status of the rulemaking process.

3. HHS remains in the process of finalizing the notice of proposed rulemaking that it has previously drafted and submitted it to the Office of Information and Regulatory Affairs (OIRA) within the Office of Management and Budget for review and approval.[2] Although the process of preparing the proposed rule for publication is taking longer than the agency expected, we understand that the policymakers are actively engaged in and are working diligently towards completing that process. We have been informed that the proposed rule is expected to be approved and published in the Federal Register within the next 90 days. We will inform the Court when that occurs and the public comment period begins.

---

[2] *See* Office of Information and Regulatory Affairs, Office of Management and Budget, Reginfo.gov, https://www.reginfo.gov/public/do/eoDetails?rrid=234914. OIRA is the entity responsible for coordinating interagency Executive Branch review of regulations and ensuring compliance with Executive Order 12866. *See* Executive Order 12866.

4. As the government previously explained, the new rulemaking that HHS has initiated may moot this matter and eliminate the need for this Court to resolve the merits of the appeals. Furthermore, in the absence of abeyance, the Department of Justice would most likely be required either to submit additional briefing or present argument defending the rule that HHS is currently reevaluating, or to withdraw the appeal before the agency has had the opportunity to complete its deliberations regarding the rule. In these circumstances, the Court should continue to hold the case in abeyance while HHS conducts its rulemaking proceeding. *See, e.g.*, *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 735-36 (1998) ("[F]rom the agency's perspective, immediate judicial review . . . could hinder agency efforts to refine its policies" and "interfere with the system that Congress specified for the agency to reach forest logging decisions"); *American Petroleum Inst. v. EPA*, 683 F.3d 382, 387-89 (D.C. Cir. 2012) (concluding that judicial review should be deferred while an agency conducted a rulemaking proceeding). Since the rule has currently been vacated in its entirety and nationwide, moreover, deferring review would inflict no hardship on plaintiffs. *See American Petroleum*, 683 F.3d at 389-90.

5. We therefore respectfully ask that the appeals remain in abeyance for an additional period of six months, or until thirty days after the issuance of a final rule, whichever is sooner. We respectfully request that at the end of that period, the parties be permitted to file motions to govern further proceedings. Depending on the status of the rulemaking process, the parties could seek to have the abeyance extended for

5

an additional period, to set a new briefing schedule, or otherwise to dispose of this appeal.

Respectfully submitted,

MICHAEL RAAB
LOWELL V. STURGILL JR.
SARAH CARROLL

 /s/ *Leif Overvold*

LEIF OVERVOLD
   Attorneys, Appellate Staff
   Civil Division, Room 7226
   U.S. Department of Justice
   950 Pennsylvania Ave., N.W.
   Washington, D.C. 20530
   (202) 532-4631
   leif.overvold2@usdoj.gov

OCTOBER 2022